UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CUAUHTEMOC ALFREDO DIAZ-LOPEZ | Case No. 2:25-cr-00033-JAW |

**GOVERNMENT'S MOTION FOR
LEAVE TO DISMISS INDICTMENT**

The Government respectfully moves for leave to dismiss the above-captioned indictment. Rule 48(a) of the Federal Rules of Criminal Procedure provides that the government "may, with leave of the court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The "leave of court" requirement of Rule 48(a) is to protect criminal defendants from prosecutorial harassment in bringing multiple successive indictments, and to allow courts to consider public interest, fair administration of criminal justice, and preservation of judicial integrity when evaluating motions to dismiss. See *United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015).

Under the rule, courts must grant leave to the Government to dismiss a charging document unless dismissal is "clearly contrary to manifest public interest." *In re Ellis*, 356 F.3d 1198, 1209 (9th Cir. 2004) (quoting *Rinaldi v. United States*, 434 U.S. 22, 30 (1977)). See also *Rice v. Rivera*, 617 F.3d 802, 811 (4th Cir. 2010) ("Put succinctly, a Rule 48 motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it must be granted.") (internal quotation marks omitted); *United States v. Jacobo-Zavala*, 241 F.3d 1009, 1013 (8th Cir. 2001) ("The court is limited to assessing whether the government's motion is contrary to the manifest public interests because it is not based in the prosecutor's good faith discharge of her duties.").

In support for this motion, the Government asserts the following:

1. On about April 28, 2019, Mr. Cuauhtemoc Alfredo Diaz-Lopez (the "Defendant"), a Mexican national and citizen, was ordered removed from the United States by the United States Department of Homeland Security – Immigration and Customs Enforcement ("ICE"). Pursuant to that Order of Removal, on about April 29, 2025, he was removed from the United States through the point of entry, San Isidro, California.

2. On about January 22, 2025, authorities in Old Orchard Beach encountered the Defendant, who was within the District of Maine of the United States without permission from the Attorney General or the Secretary of Homeland Security. On January 27, 2025, based on this new offense, the Defendant was charged by criminal complaint with Re-Entry of Alien After Prior Deportation, in violation of 18 U.S.C. § 1326(a).

3. On January 28, 2025, at the initial appearance on the criminal complaint, the Government filed a Motion for Detention. Dkt. 4. Since the Defendant did not challenge his detention at the time of the initial appearance on the criminal complaint, the Court issued an Order of Detention on January 28, 2025. Dkt. 11.

4. On March 5, 2025, the Grand Jury returned an indictment against the Defendant charging him with Re-Entry of Alien After Prior Deportation, in violation of 18 U.S.C. § 1326(a), resulting in the above-captioned docket. Dkt. 13.

5. On March 12, 2025, prior to the Defendant's arraignment on the above-captioned indictment, counsel for the Defendant filed a Motion to Reopen Detention

    Hearing. Dkt. 17. The Government filed its Opposition to the Defendant's Motion to Reopen Detention Hearing. Dkt. 18.

6. On March 13, 2025, the Court allowed the Defendant's Motion to Reopen Detention Hearing. On that same date, over the Government's objection, the Court granted the Defendant release on bail conditions and an unsecured bond. Dkt. 23, 25, & 26.

7. Since the Defendant's release on bail on March 13, 2025, he has been taken into custody by ICE subject to a reinstatement of his previous Order of Removal. He was subsequent transferred to a facility in Texas pending an asylum hearing. As of April 11, 2025, the Defendant withdrew his previous credible fear of persecution claim, so the pending asylum hearing will no longer proceed. Pursuant to the reinstatement of his previous Order of Removal, it is anticipated that his deportation from the United States to Mexico is imminent. It is thus unlikely that he will be within the United States prior to the commencement of Trial in May 2025.

8. Therefore, the Defendant will be unable to appear in court for trial on this matter by writ of habeas corpus or by other means in the month of May 2025.

    Under the totality of these circumstances, the Government submits that dismissal of the indictment is in the interest of justice. Accordingly, the Government moves for leave to dismiss the indictment.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
|  |  | CRAIG M. WOLFF<br>Acting United States Attorney |
| Dated: April 14, 2025 | By: | */s/ Anne K. Yereniuk*<br>Anne K. Yereniuk<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>100 Middle Street<br>Portland, ME 04101<br>(207) 780-3257<br>Anne.Yereniuk@usdoj.gov |

## CERTIFICATE OF SERVICE

      I hereby certify that on April 14, 2025, I caused the foregoing Government's Motion to Dismiss the Information using the CM/ECF system, which caused a copy of the foregoing document to be delivered via the CM/ECF system to Attorney Jonathan Goodman, Esq., counsel for the Defendant Cuauhtemoc Alfredo Diaz-Lopez.

                                           CRAIG M. WOLFF  
                                           Acting United States Attorney

                By:     */s/ Anne K. Yereniuk*  
                             Anne K. Yereniuk  
                             Assistant U.S. Attorney  
                             U.S. Attorney's Office  
                             100 Middle Street  
                             Portland, ME 04101  
                             (207) 780-3257  
                             Anne.Yereniuk@usdoj.gov